UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD BROOKS

    Plaintiff,

CASE NO.:

v.

MEEKS PLUMBING, INC.
a Florida for Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RONALD BROOKS, ("Plaintiff"), by and through his undersigned counsel hereby files this Complaint and Demand for Jury Trial against MEEKS PLUMBING, INC., ("Defendant"), and alleges as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff against his former employer, Meeks Plumbing, Inc., for violations of the Family Medical Leave Act, ("FMLA"), 29 U.S.C. § 2601, *et seq.*. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Local Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this district because the events giving rise to the action accrued in Defendant's Marion County, Florida and Indian River County, Florida locations. At all times material to this action, Defendant has conducted activities in Marion County, Florida and Indian River County, Florida.

### Parties and Factual Allegations

3. Plaintiff is an individual *sui juris* residing in Citrus County, Florida.

1

4. Defendant is a Florida for Profit Corporation doing business in, among other locations, Marion County, Florida and Indian River County, Florida.

5. Defendant is an employer as contemplated by the FMLA.

6. At all relevant times, Defendant employed fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year within seventy-five (75) miles of Plaintiff's work locations.

7. Plaintiff is a disabled individual who suffers from a serious health condition.

8. Plaintiff began working for Defendant on or around November 1, 2011 until on or around October 3, 2017, and at all relevant times hereto held the position of "Service Plumber."

9. As a Service Plumber, Plaintiff was responsible for installing, maintaining, and repairing pipes in new homes, businesses, public buildings, and underground.

10. Plaintiff worked for Defendant for more than twelve (12) months prior to Plaintiff's need for leave in 2017, and worked more than 1,250 hours.

11. In or around January 16, 2017, during the course and scope of his employment while doing his job duties for Defendant, Plaintiff injured his neck and back as a result of a motor vehicle accident.

12. Plaintiff's accident and injury were reported to Defendant on the same day as its occurrence.

13. After said injury, Plaintiff continued on going medical treatment throughout the remainder of his employment with Defendant.

14. Plaintiff's injury and pain associated with it substantially limited Plaintiff's ability to perform certain manual tasks, including but not limited to, reaching and lifting.

15. Although Plaintiff was injured from his work-related accident, Plaintiff was able to still perform all essential functions of his job.

16. On or around October 2, 2017, Plaintiff requested time off from work to attend medical treatment for his ongoing chronic condition due to his work-related injury to his back and neck.

17. The day following Plaintiff's request for leave, on or around October 3, 2017, Plaintiff was terminated from employment, thus being denied his needed leave.

18. As a result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer damages including loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

19. Plaintiff has exhausted all administrative remedies and has met all administrative prerequisites for bringing this action.

20. Plaintiff has retained Lytle & Barszcz to represent him in this matter and has agreed to pay Lytle & Barszcz attorney's fees for their services.

### COUNT I
### FAMILY MEDICAL LEAVE ACT
### 29 U.S.C. 2601, et. Seq.
### (Interference)

21. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20 above as if fully set forth herein.

22. Plaintiff was an eligible employee under the FMLA.

23. Defendant is an employer within the meaning of FMLA, who employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksites for each working day of twenty (20) or more calendar workweeks in the current or preceding year.

24. At all times relevant hereto, Plaintiff suffered from a "serious health condition" as defined by the FMLA and was eligible for leave under the FMLA having worked for Defendant for at least 1,250 hours during the twelve (12) month period immediately preceding his need for leave.

25. Defendant violated the FMLA by denying Plaintiff leave and/or interfering with Plaintiff's leave under the FMLA, denying Plaintiff the full benefits of his leave under the Act, by denying him certain conditions and benefits of employment because of his leave, and by terminating his employment with Defendant for exercising his right under the FMLA.

26. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

27. Plaintiff retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm attorney's fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Backpay, front pay and compensatory damages;

B. Pre-judgment and post judgment interest;

C. Liquidated damages;

D. Attorney's fees and costs; and,

E. Such other relief this Court deems just and proper.

## COUNT II
## FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. 2615, et. Seq.
## (Retaliation)

28. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20 above as if fully set forth herein.

29. Defendant violated the FMLA by retaliating against Plaintiff for making protected expressions and by exercising his rights under the FMLA.

30. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, other employment benefits and job opportunities and mental anguish and emotional distress. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

31. Plaintiff retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Backpay, front pay, and compensatory damages including emotional distress damages;

B. Pre-judgment and post judgment interest;

C. Liquidated damages;

D. Attorney's fees and costs; and,

E. Such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 27th day of September 2019.

/s/ *Mary E. Lytle*
**Mary E. Lytle, Esq.**
Florida Bar No.: 0007950
**David V. Barszcz, Esq.**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**